AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED
*May 05, 2025*
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. |
| Edwin Ariel Almendarez-Torres ) | **4:25-mj-266** |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 27th, 2025__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b)(1) | a native and citizen of Nicaragua, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Houston, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

*Complainant's signature*

Daniel I, Chagoya, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 05/05/2025

*Judge's signature*

City and state: Houston, Texas

Richard W. Bennett United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Daniel I. Chagoya, being duly sworn telephonically, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since November 9, 2008. My law enforcement career began September 18, 2005, as a Customs and Border Protection Officer. I held this position until transferring to Immigration and Customs Enforcement as a Deportation Officer. I currently have over 18 years of immigration law enforcement experience.

(2)   On May 3rd, 2025, at 02:00 a.m. Edwin Almendarez-Torres ("Defendant") was detained by ICE.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b)(1).

(5)   Element One: The Defendant is a citizen and national of Nicaragua and not a native, citizen or national of the United States.

(6)   Element Two: The Defendant has previously been deported or removed from the United States on the following occasions:

1. 03/18/2020
2. 07/25/2018
3. 09/06/2017
4. 10/23/2013
5. 10/17/2012

(7) <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on February 27, 2025, in Houston, TX, which is in within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years, and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On May 5th, 2025, LESC advised me that it had no record on such an encounter.

(8) <u>Element Four</u>: The Defendant did not have permission to reenter the United States. On May 4th, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History</u>. The Defendant has the following prior criminal history:

a. On May 1st, 2025, the Defendant was convicted in the 263rd District Court in Harris Co, TX for the offense of Assault Family Member and sentenced to 180 days county jail.
b. On February 6th, 2020, the Defendant was convicted in the 212th District Court in Galveston County, TX for the offense of possession of cocaine pg 1<1g and sentenced to 6 months county jail.
c. On December 4th, 2017, the Defendant was convicted in the United States District Court of Arizona for the offense of 8 U.S.C. 1325 (a)(1) Illegal Entry and sentenced to 180 days confinement.
d. On December 19th, 2016, the Defendant was convicted in the United States District Court of Arizona for the offense of 8 U.S.C. 1325 (a)(1) Illegal Entry and sentenced to 180 days confinement.
e. On March 5th, 2013, the Defendant was arrested by Border Patrol near Papago Farms near Arizona for the offense of knowingly and intentionally combine, conspire, confederate and agree with other people known and unknown to possess with the intent to distribute approximately 48 kilograms of marijuana. On March 13th, 2013, the charges were dismissed.
f. On March 13th, 2013, the Defendant was convicted in the United States District Court in the District of Arizona for the offense of Title 21, U.S.C; 844(a), knowingly and intentionally possessing a quantity of marijuana, a schedule 1 controlled substance and sentenced to 180 days confinement.

(10)   On May 4th, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Jay Hileman (713) 703-9308 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b)(1).

_____
Daniel I. Chagoya, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Sworn to me telephonically on this 5th day of May 2025, and I find probable cause.

_____
Hon. Richard W. Bennett
United States Magistrate Judge
Southern District of Texas